```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:06CV273-MU-02
```

MICHAEL McKEE,              )
    Petitioner,             )
                            )
     v.                     )               ORDER
                            )
JOSEPH HALL, (Admin. of     )
  Harnett Correctional      )
  Institution,              )
       Respondent.          )
_____)

**THIS MATTER** comes before the Court on petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254 (document # 1), filed June 30, 3006; on the petitioner's "Motion For Compliance" (document # 6), filed October 20, 2006; on the respondents' "Motion For Summary Judgment and Answer . . . " (document # 8), filed November 14, 2006; on the petitioner's "Request For Rule 11 Sanctions" (document # 10) and his "Motion To Compel On State Court Transcripts & Stay Proceeding Until Transcripts Delivery" (document #11), both filed November 17, 2006; on the respondent's Response Briefs in opposition to the petitioner's Motions to Compel Transcripts and to Stay and his Motion for Rule 11 Sanctions (documents ## 12-16), all filed November 21, 2006; on the petitioner's "Motion For More Indepth Statement" (document #

1

17), filed November 21, 2006; and on the petitioner's "Motion To Compel Ruling On State Transcript" (document #18), filed January 19, 2007.

A Careful review of the petitioner's two Motions to Compel and his Motion for Compliance reflects that they were filed in an attempt to have the respondent produce the transcripts from the petitioner's Probation Violation and Revocation Hearing, which was held on or about March 7, 2005, and from his Plea Hearing, which was held on or about March 10, 2005.  However, the Court has observed that the petitioner does not deny that during the Probation Violation and Revocation Hearing his wife testified that he, indeed, had assaulted her in August 2003.  Nor does the petitioner deny that he pled guilty to that assault, along with the assault on his son, and those pleas were found to have been voluntarily and intelligently tendered by the Court during the March 10, 2005 proceeding.  Similarly, the petitioner does not deny the authenticity of the Transcript of Plea form which the respondent submitted concerning that Plea proceeding.

Based upon the foregoing, the Court concludes that the petitioner has failed to demonstrate that the two transcripts are necessary for this Court's resolution of his claims.  Accordingly, the petitioner's Motion for Compliance, his Motion to Compel State Court Transcripts and Stay Proceedings, and his Motion to Compel Ruling On State Transcript all will be <u>denied</u>

As to the petitioner's Request for Rule 11 Sanctions, there he contends that counsel for the respondent should be sanctioned for having been untruthful in his representation that his Exhibit # 1 shows that the State Court Judges who revoked his probation had determined that he had engaged in multiple violations, any of which could have supported the revocation of his probationary sentences.

He also claims counsel should be sanctioned for having opined that the transcripts from the proceedings discussed in the preceding paragraphs were unnecessary for the Court's adjudication. This contention, however, already has been put to rest.

Furthermore, the Court's review of this matter reflects that the petitioner is correct to the extent that the respondent's Exhibit #1 does not support counsel's representation. However, the Court's review also has determined that the respondent's Exhibit #2 actually is the document which supports the subject representation. That is, Exhibit #2 includes a copy of the petitioner's Probation Violation Report, wherein the petitioner's former probation officer reports that the petitioner had failed to pay anything toward his $5,700 fine; he had been terminated from the Peachford Communities facility; he had failed to receive anger management treatment; and he had been arrested for an assault on a female charge in August 2003.

Such Exhibit also includes copies of the trial Court's

3

"Judgment And Commitment Upon Revocation Of Probation . . . " forms correlating to the revocation of each of the petitioner's 2001 convictions. Such forms specifically reflect the State Courts' findings that a Violation Report had been filed identifying multiple violations by the petitioner; and that "[e]ach violation [wa]s, in and of itself, a sufficient basis upon which th[e State] Court should revoke probation and activate the suspended sentence." Consequently, the petitioner cannot establish that respondent's counsel was untruthful, but merely inaccurate in his reference to his Exhibits. Thus, the petitioner's Request for Rule 11 Sanctions will be denied.

As for the petitioner's so-called Motion for More Indepth [sic] Statement, there he asks the Court to direct the respondent to "identify just what year of [N.C.G.S. 15A-1344(d)] he pleas [sic] with his 1961 ruling so that lawful [and] factual response can be had." More specifically, the petitioner asserts that the respondent's counsel cites a 1961 case for the proposition that the above-listed State statute allows State judges to revoke probation once probationers have been charged with felony offenses which could serve as a basis for such revocation if petitioners ultimately are convicted of those offenses. However, the petitioner claims that since the subject statute has been amended several times, respondent's counsel should have to identify the version of the statute on which he is relying.

However, the petitioner does not assert or contend that such amendments made material changes to the statute so as to render the respondent's position untenable. Moreover, the Court finds that inasmuch as counsel for the respondent has cited the precise statutory language upon which he is relying in his Supporting Brief, there is no question about the argument to which the petitioner should direct his response. Therefore, the petitioner's Motion for More Indepth [sic] Statement also will be <u>denied</u>.

On the other hand, the Court has reviewed the respondent's Motion for Summary Judgment and determined that he may be entitled to summary judgment as a matter of law.

**PETITIONER McKEE READ THIS:**

The petitioner is advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, he is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by the respondent. Rule 56(e) reads in pertinent part as follows:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

5

This rule requires that if the petitioner has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by the respondent, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the petitioner and sworn before a Notary Public. If the petitioner chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the
> foregoing is true and correct."

The petitioner is further hereby advised that he has thirty (30) days from the filing of this Order in which to file such documents, affidavits, or unsworn declarations in opposition to the respondent's Motion for Summary Judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The petitioner has thirty (30) days from the filing of this Order in which to provide his own documents, affidavits, or declarations countering the evidence offered by the respondent's' Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

2. The petitioner's Motion for Compliance (document # 6) is **DENIED;**

3. The petitioner's Request for Rule 11 Sanctions (document # 10) is **DENIED**;

4. The petitioner's Motion to Compel on State Court Transcripts and Stay Proceeding Until Transcripts Delivery (document #11) is **DENIED**

5. The petitioner's Motion for More Indepth [sic] Statement (document #17) is **DENIED;** and

6. The petitioner's Motion to Compel Rule on State Transcript (document #18) is **DENIED.**

**SO ORDERED.**

Signed: June 4, 2007

Graham C. Mullen
United States District Judge