```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  CHARLOTTE DIVISION
                    3:06CV273-MU-02
```

```
MICHAEL McKEE,              )
     Petitioner,             )
                             )
     v.                      )          ORDER
                             )
JOSEPH HALL, (Admin. of )
  Harnett Correctional   )
  Institution,           )
     Respondent.         )
_____)
```

**THIS MATTER** comes before the Court on Petitioner's Motion to Recuse and supporting Affidavit (document # 20), filed July 3, 2007.

By this Motion, Petitioner asserts that recusal is appropriate pursuant to United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) and Liteky v. United States, 510 U.S. 540, 548 (1994) because "a reasonable person would question the undersigned's impartiality nowing [sic] all the facts." In his Affidavit, Petitioner asserts that after he sought an Order from the Fourth Circuit Court of Appeals to compel this Court to rule on several of his motions, the undersigned entered an Order denying those matters; and that the undersigned has "so distorted" the issues in his case that "the case is not understandable by any aveage

1

[sic] finder of fact." Petitioner further asserts that the undersigned's distortion of the issues was deliberate and shows that the undersigned "is acting as a [sic] attorney by assumption of evidence submitted by a [sic] adverse party and [the undersigned] addmitted [sic] that [Petitioner] was correct, but did not instruct the adverse party to respond[.] Rather, [the undersigned] assumed what evidence was being submitted (a attorney role) not that of a Judge." Last, Petitioner claims that "it is stated on (5-29-06) in the Charlotte paper that [the undersigned] states he has allowed racial make up to enter into his imposition of sentencing." Consequently, Petitioner states that he his "of the true belief that a trier of fact would request recusal."

    28 U.S.C. § 455(a) (2008) provides that a judge should "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." While this inquiry is an objective one, "section 455(a) does not require recusal on the basis of suspicion or unsupported, irrational, or highly tenuous speculation." United States v. Black, 490 F. Supp.2d 630, 656 (E.D. N.C. 2007) (internal quotation and citation omitted). Indeed, to do so, "would be to set the price of maintaining the purity of appearance too high -- it would allow litigants to exercise a negative veto over the assignment of judges." Id., quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).

Turning back to his Motion, Petitioner asserts that this Court denied his motions -- for an order directing Respondent to comply with Rule 5 of the Rules Governing <u>Habeas Corpus</u> Petitions and to provide the transcripts of his State court Probation Revocation and Plea Hearings (document # 6), for $1,000 in sanctions and to strike a portion of Respondent's pleading (document # 10), to compel production of the subject State court transcripts and to defer its ruling on Respondent's Motion for Summary Judgment until receipt of such transcripts (document # 11), for a more definite statement (document # 17), and to compel a ruling on such motions (document # 18) -- essentially because Petitioner complained to the Fourth Circuit Court of Appeals about this Court's delay in resolving such motions. However, Petitioner has failed to establish that such motions improperly were denied. Rather, Petitioner merely relies on the timing of the foregoing matters to support his argument. It goes without saying, therefore, that such abject speculation about the Court's motive is woefully insufficient to cause a reasonable person to question the undersigned's impartiality.

Moreover, Petitioner claims that this Court has distorted the issues in his case. However, Petitioner does not bother to specifically identify any such distortion; nor does he clarify what issues he actually intended to raise with the Court. Consequently, this assertion also is baseless.

3

Additionally, the Court has reviewed all of Petitioner's allegations in the collective and determined that there simply is no ground for a reasonable person to question the undersigned's impartiality in this matter.  Accordingly, Petitioner's Motion for Recusal must be <u>denied</u>.

Finally, inasmuch as Petitioner has not yet responded to the Court's Order of June 4, 2007, which was entered pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (1975), Petitioner will be given one final opportunity to respond to such Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Petitioner's Motion for Recusal (document # 20) is **DENIED;** and

2.  Petitioner has twenty (20) days from the filing of this Order in which to file a response to Respondent's Motion for Summary Judgment.  **FAILURE TO RESPOND WITHIN THIS TIME PERIOD WILL SUBJECT THIS ACTION TO SUMMARY DISMISSAL.**

**SO ORDERED.**

Signed: October 7, 2008

Graham C. Mullen
United States District Judge